IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Gary Heit, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 21-cv-00771-HFS |
| LG Chem, Ltd., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is the motion of Defendant LG Chem, Ltd. to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 11).

**Background.**

This is a product liability action. Plaintiff Gary Heit, a citizen of Missouri, alleges that he was injured on April 2, 2018, when an LG 18650 lithium-ion battery exploded in his pants pocket. (Doc. 1, Compl. ¶¶ 40–42.) The battery was given to him by a friend in Florida and exploded in his pants pocket in Illinois on his return trip to Missouri. Missouri. (Id.)

Plaintiff alleges LG Chem manufactured the subject battery, which he identifies as a cylindrical 18650 lithium-ion battery. (Doc. 1 ¶2) Plaintiff alleges that personal jurisdiction exists over LG Chem based on LG Chem's "purposeful, continuous, and systematic contacts with Missouri entities and the Missouri market and because its products are sold in and throughout Missouri." (Doc. 1, ¶ 11.).

LG Chem is a Korean company with its headquarters and principal offices in Seoul,

1

South Korea. (Doc. 12-1, ¶7). LG Chem is not registered to do business in Missouri, nor does it have an office in Missouri or own or lease any property in Missouri. (Doc. 12-1 ¶8). LG Chem admits that it previously manufactured the 18650 lithium batteries but states that it never designed, manufactured, distributed, advertised, or sold any of these batteries as standalone, replaceable batteries, and that the batteries were not designed to be handled by consumers as standalone, replaceable batteries in Missouri or anywhere else. (Doc. 12-1¶¶ 12, 15, 16). LG Chem also states that it never distributed or sold any of the 18650 battery cells to any distributors, wholesalers, retailers, or any other individuals or entities known to LG Chem to be engaged in the business of selling 18650 lithium-ion cells directly to consumers for use as standalone, replaceable batteries. (Id. at ¶15). LG Chem asserts that because it has no connection or purposeful contact with Missouri, the claims against it must be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

There is no dispute over defendant's substantial sales of the battery to manufacturers in Missouri, but no contention by plaintiff that it has proof of any such battery sales by defendant or any related company to consumers like himself, in Missouri or elsewhere.[1] The theory of culpability, with liability to be developed during litigation, is that defendant sold the battery to one or more independent Chinese companies, allegedly with knowledge that there would be ultimate battery sales directly to consumers in the United States, and that the batteries posed considerable danger to consumers.

**Summary Ruling.**

---

[1] Plaintiff does seek limited discovery, but related to the number of sales in Missouri, which is not minimized by Defendant.

Jurisdictional litigation in this context with this defendant is prevalent in scores of cases in federal and state courts and it would not be useful to add in depth discussion to the multiple opinions that have been issued. I agree with the rulings that the Chinese line of indirect distribution to consumers is not closely related to Missouri's line of distribution to manufacturers so as to support personal jurisdiction over the defendant Korean supplier. See, e.g., Quiniones v LG Chem, Ltd., 2022 WL 17822479 (E.D. Cal.); Matter of American River Transportation Co. LLC, 2022 WL 17325899 (E.D. La.); Richter v. LG Chem Ltd, 2022 WL 5240583 (N.D. Ill.); opinion of Circuit Judge Miller in Yamashita v. LG Chem, LTD, 48 F.4th 993, 1003 (9th Cir 2022)(dissenting on other grounds)

The current Supreme Court is taking a further look at the required relationship between a plaintiff's claim and a defendant's activities within a State that will justify personal jurisdiction. Ford Motor Co. v. Montana Eighth Judicial Court, 141 S.Ct. 1017 (2021). The majority opinion emphasizes that the scope of necessary relationship must be confined in a realistic sense—there must be "real limits," not "anything goes." Id. at 1026. While it is of course possible that the relationship requirement might be judicially loosened enough to tie the Missouri sales to manufacturers to what presently may be considered unrelated sales to Missouri consumers through an Asian source that is simply a customer of defendant, this seems to be a remote possibility (even if relief for the victim plaintiff is appealing). A compelling distinction is apparently the extraordinary difference in dangerousness, in addition to defendant's remoteness from consumer sales responsibility. From a practical standpoint, an appeal from this ruling is probably less burdensome and potentially less wasteful than trial preparations by the parties. Based on my current understanding of jurisdictional law, the motion to dismiss (Doc. 11) is

hereby GRANTED, without prejudice to further prosecution.

                                                           */s/ Howard F. Sachs*  
                                                    HOWARD F. SACHS  
                                                    UNITED STATES DISTRICT JUDGE

February 10, 2023  
Kansas City, Missouri